IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

APRIL S. WALDEN, SON MAHLEEK, and
M. RAWLINS,

      Plaintiffs,

  v.

**CHIEF JUDGE MARCO A. HERNÁNDEZ,**

      Defendant.

No. 3:24-CV-01707-AB

OPINION AND ORDER

**BAGGIO, District Judge**,

Pro se Plaintiff April S. Walden[1] has filed a Complaint against Defendants "Chief Judge Marco A. Hernández,"[2] Magistrate Judge John V. Acosta, Providence St. Joseph Health ("Providence"), and the United States Supreme Court, Compl., [ECF 2], 2, and seeks leave to proceed in forma pauperis, Appl. for Leave to Proceed IFP, [ECF 1]. Plaintiff has established that she has minimal income and assets. Accordingly, the Court grants her application for leave

---

[1] Plaintiff also appears to name Son Mahleek and M. Rawlins as plaintiffs. Compl., [ECF2], 1 (listing "April S. Waldon & Son Mahleek M. Rawlins" as plaintiffs). Because it is well settled that pro se plaintiffs cannot represent other parties, to the extent Plaintiff asserts claims on behalf of Son Mahleek and M. Rawlins, the Court dismisses these claims. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities."); *see also Johns v. Cnty of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (dismissing a pro se plaintiff's complaint because a parent cannot bring suit in federal court on behalf of a minor without first retaining an attorney).

[2] Senior District Judge Marco A. Hernandez served as Chief Judge of this District from 2019-2023.

1- OPINION AND ORDER

to proceed in forma pauperis, Appl. for Leave to Proceed IFP. As explained below, however, the Court dismisses her Complaint with prejudice.

## LEGAL STANDARDS

Under the in forma pauperis statute, a court may at any time, including before service of process, dismiss a complaint filed in forma pauperis "if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim"); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("the provisions of 28 U.S.C. § (e)(2)(B) are not limited to prisoners"). The statute gives the district the power to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts to contradict them." *Denton v. Hernández*, 504 U.S. 25, 33 (1992).

Section 1915(e) allows a district court to dismiss an in forma pauperis complaint that fails to state a claim with leave to amend. *Lopez*, 203 F.3d at 1130. And the general rule is that a district court should grant leave to amend even if no request to amend was made unless it determines that it is impossible to cure the pleading defects. *See id.*; Fed. R. Civ. P. 15(a).

## DISCUSSION

Plaintiff fails to state a claim upon which relief may be granted. She alleges that Judges Hernández and Acosta violated her rights under "[t]he Articles of Confederation, the United States Constitution, the Amendments, the oath, the peace treaties, the Nobel Peace Prize, and

2- OPINION AND ORDER

obstruction of Justice against the Lady of Liberty" by "strip[ing] portions of" and dismissing Plaintiff's complaint in a prior lawsuit. Compl., 2–3, 5. She also names Providence as a defendant and alleges that the "U.S. Federal District Court in downtown Portland, Ore., declined to rule in a case worth more than $444,000,000,000" and that "[a] settlement [] due [in] case 3:19-cv-01717-AC." *Id.* at 4, 8. Finally, Plaintiff names the "Supreme Court of the United States" as a defendant and requests that the Court "initiate a response in federal court of Supreme Court of Washington, D.C." *Id.* at 4. As explained further below, the Court finds each of Plaintiffs' allegations "clearly baseless." *Denton*, 504 U.S. at 33.

1. **Judicial Immunity Bars Plaintiff's Claims Against Judge Hernández and Judge Acosta**

The claims that Plaintiff asserts against United States Judges Hernández and Acosta appear to arise solely from Judge Hernández's dismissal of Plaintiff's complaint in *Walden v. Providence Health & Services*, 3:19-cv-01717-AC, following Judge Acosta's dismissal. *See* Compl., 14 ("Judges John V. Acosta and Marco A. Hernández dismissed my case in federal court on the grounds is 'prejudice, failure to state a claim, defect to correct, and lack of jurisdiction' . . . [t]his is obstruction of justice."). Because dismissing Plaintiff's earlier complaint is a judicial act taken within their jurisdiction, Judges Hernández and Acosta are entitled to absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages[,]" and "is not overcome by allegations of bad faith or malice[.]"); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."). As such, Plaintiff's claims against Judges Hernández and Acosta "lack[] an arguable basis" in law and must be dismissed as frivolous. *Denton*, 504 U.S. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

3- OPINION AND ORDER

Further, because it is impossible for Plaintiff to cure the defects in her claims against Judges Hernández and Acosta, the dismissal of these claims is with prejudice. *Lopez*, 203 F.3d at 1130; Fed. R. Civ. P. 15(a).

2. **Plaintiff Fails to State a Claim Against Providence, and Even if Plaintiff did State a Claim Against Providence, it was Already Dismissed with Prejudice**

Plaintiff also seeks a "settlement" that she contends is "due" with Providence in her earlier case, *Walden v. Providence Health & Services*, 3:19-cv-01717-AC. Compl., 8. She claims that the Court "declined to rule" in the case. *Id.* While Plaintiff describes the events that gave rise to her prior claims against Providence, nowhere in this Complaint does she allege that Providence violated her rights. *See generally* Compl. Plaintiff, thus, fails to state a claim against Providence. *See* Fed. R. Civ. P. 8(a)(2).

Even if Plaintiff's Complaint stated a claim against Providence, it is barred by the doctrine of res judicata. *See Parklane Hosiery Co. v. Shore,* 439 U.S 322, 326 fn.5 (1979); *see also Denton*, 504 U.S. at 34 (stating that a dismissal under the in forma pauperis statute "could . . . have a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions"). Contrary to Plaintiff's assertion, the Court did make a determination regarding her earlier complaint. Specifically, the Court dismissed her state law claims with prejudice for "lack of subject matter jurisdiction," *Walden v. Providence Health & Services*, 3:19-cv-01717-AC, Order, [ECF 57], 2, and her possible federal claims for "failure to cure deficiencies." *Walden v. Providence Health & Services*, 3:19-cv-01717-AC, Order, [ECF 63], 2-3. Final trial court decisions concluding that Plaintiff could not cure the deficiencies in her claim against Providence have been entered, and the Court's earlier rulings "have a res judicata effect on the frivolousness determination" of Plaintiff's allegations in her current Complaint. *See Denton*, 504 U.S. at 34. Based on the earlier decision's res judicata effects, the Court is convinced that

Plaintiff's claims against providence are "clearly baseless" and must be dismissed with prejudice. *Denton*, 504 U.S. at 32, 34.

3. **Plaintiff Fails to State a Claim Against the Supreme Court, and Even if Plaintiff Did State Claims Against the Supreme Court, the Claims are Barred by Sovereign Immunity**

Finally, Plaintiff names the Supreme Court as a defendant and requests that this Court "initiate a response" in the Supreme Court. Compl., 4. Nowhere in Plaintiff's Complaint, however, does she allege that the Supreme Court violated her rights. *See generally* Compl. Because Plaintiff does not plead facts sufficient to enable the Court to draw a reasonable inference that the Supreme Court violated Plaintiff's constitutional rights, the Court finds that Plaintiff's Complaint fails to state a claim against the Supreme Court. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 971-72 (concluding that a plaintiff's complaint fails to plead facts sufficient to allege a constitutional right violation, which is required by *Bivens*); Fed. R. Civ. P. 8(a)(2). Moreover, even if Plaintiff could state a claim against the Supreme Court, her claims would be barred by sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484 (1994) (declining to recognize a *Bivens*-type cause of action directly against a federal agency). Accordingly, Plaintiff's claims against the Supreme Court are "clearly baseless" and must be dismissed. *Denton*, 504 U.S. at 33.

4. **Plaintiff's Complaint Should be Dismissed with Prejudice**

The Court is mindful that dismissal with prejudice, especially of a pro se plaintiff's complaint, is generally disfavored. *Lopez*, 203 F.3d at 1130–31. As detailed above, however, after careful consideration, the Court is convinced that the facts alleged in Plaintiff's Complaint are "clearly baseless." *Denton*, 504 U.S. at 32. Specifically, Plaintiff's claims against Judges Hernández and Acosta are barred by judicial immunity, *see Mireles*, 502 U.S. at 11; her claims

5- OPINION AND ORDER

against Providence are precluded by the Court's prior dismissal of her claims, *see Denton*, 504 U.S. at 34, and her claims against the Supreme Court are barred by sovereign immunity. *See F.D.I.C*, 510 U.S. 471 at 484. As such, the Court finds that "it is absolutely clear that no amendment can cure the defect[s]" in her current Complaint. *Cf. Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## CONCLUSION

Plaintiff's in forma pauperis application, [ECF 1], is GRANTED, and her Complaint, [ECF 2], is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 28th day of October, 2024.

_____
Amy M. Baggio
United States District Judge

6- OPINION AND ORDER